UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
RODNEY SNYDER,                                    :
                              Plaintiff,          :
                                                  :
v.                                                :          **OPINION AND ORDER**
                                                  :
TASIBRUL M. ALAM; VALERIE MONROE; and :          15 CV 4033 (VB)
STATE OF NEW YORK,                                :
                              Defendants.         :
-------------------------------------------------------------x

Briccetti, J.:

      Plaintiff Rodney Snyder, proceeding pro se and in forma pauperis, brings civil rights

claims pursuant to 42 U.S.C. § 1983.  Plaintiff alleges defendants Tasibrul M. Alam and Valerie

Monroe were deliberately indifferent to plaintiff's serious medical needs after he fell down a

flight of stairs while incarcerated at Sing Sing Correctional Facility ("Sing Sing"), in violation of

his Eighth Amendment rights.[1]  The Court also liberally construes plaintiff's complaint as

bringing state law claims for medical malpractice against both defendants.

      Now pending is defendants' motion to dismiss the Section 1983 claims pursuant to Rule

12(b)(6).  (Doc. #13).

      Defendants' motion does not address whether plaintiff has stated a claim against either

defendant for medical malpractice.  Nevertheless, the Court considers whether to dismiss these

claims sua sponte pursuant to 28 U.S.C. § 1915(e)(2).[2]

---

[1]    Plaintiff also sued the State of New York for negligently supervising the inmate who
waxed the stairs causing plaintiff to slip.  The Court dismissed this claim sua sponte on July 8,
2015, as barred by the Eleventh Amendment.  (Doc. #8).  Neither remaining defendant is alleged
to have caused the slippery staircase, so the Court does not consider this claim as to them.

[2]    When a litigant proceeds pro se and in forma pauperis, the Court "shall dismiss the case
at any time if [it] determines that . . . [the case] fails to state a claim on which relief may be
granted."  28 U.S.C. § 1915(e)(2).

For the reasons set forth below, the motion is GRANTED as to defendant Alam and DENIED as to defendant Monroe.

Additionally, the Court DISMISSES the medical malpractice claims against both defendants sua sponte, as both are barred by the applicable statute of limitations.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1367(a).

## BACKGROUND

In deciding the pending motion, the Court accepts as true all well-pleaded allegations and draws all reasonable inferences in plaintiff's favor.

The following facts are taken from the complaint (Doc. #1), opposition to defendants' motion (Doc. #15), sur-reply (Doc. #19), and all documents attached to his submissions. Walker v. Schult, 717 F.3d 119, 122 n.1 (2d Cir. 2013).

Plaintiff has high blood pressure and is "borderline diabetic." (Compl. at 2).

On the afternoon of May 16, 2012, while incarcerated at Sing Sing, plaintiff slipped and fell down a staircase, breaking several bones in his left foot and leg. Plaintiff was sent to Sing Sing's infirmary, where Nurse Wrights—not a defendant here—and another nurse examined him. According to plaintiff, Nurse Wrights "[s]tated for the record that [plaintiff] ha[d] a fracture[d] foot and leg" and that he "need[ed] to go to a [h]ospital." (Compl. at 2).

Defendant Monroe, another nurse,[3] examined plaintiff next. According to plaintiff, "Miss Monroe just i[]gnored what Miss Wrights was saying and look[ed] at the reports and touch[ed] my foot and leg and said I d[id]n't [have any] broken bones." (Compl. at 2). When the corrections officer who had accompanied plaintiff to the infirmary asked Nurse Monroe

---

[3]  Plaintiff refers to defendant Monroe only as a "provider." Because defendants' briefs refer to her as a nurse, the Court will refer to her as a nurse. It is unclear whether Nurse Monroe was the second nurse who examined plaintiff with Nurse Wrights, or examined him afterwards.

whether plaintiff needed to go to the hospital, Monroe said no.  Instead, Monroe treated

plaintiff's foot with an ACE bandage and gave him painkillers.  Plaintiff alleges this was an

ineffective and inappropriate way to treat his injuries.

Plaintiff claims his leg and foot were discolored and swelling due to his high blood

pressure and borderline diabetes when Nurse Monroe decided not to send him to the hospital.

The next day, May 17, 2012, plaintiff's leg and foot were x-rayed at the Sing Sing

infirmary.  Defendant Alam, a doctor, examined the x-ray and told plaintiff he did not see any

broken bones, and that plaintiff had merely suffered a bad sprain.  Significantly, the complaint

alleges no facts suggesting Dr. Alam was made aware of Nurse Wrights' diagnosis or any other

determination that plaintiff's foot or leg was broken.[4]  Plaintiff was not sent to the hospital.

On May 21, 2012, plaintiff was called to the infirmary where Dr. Alam sent him to

Mount Vernon Hospital for another x-ray.  There, plaintiff was told his foot and leg were in fact

broken and he needed surgery.  The surgery was performed three or four days later.

All told, plaintiff spent five days "walking on broken bones" before he was sent to the

hospital.  (Compl. at 7).  Plaintiff claims his foot is permanently swollen and turning black, and

that he has to use a cane to walk.  Plaintiff attributes the permanent swelling and "the infliction

of unnecessary pain" to the delay in treatment.  (Sur-reply Br. at 1).

Defendants move to dismiss, arguing the complaint does not plead facts sufficient to meet

the objective and subjective prongs of the Eighth Amendment's "deliberate indifference" test.

---

[4]      The "Inmate Grievance Program Superintendent Response" attached to the complaint
indicates "[p]er T. Alam, MD, x-ray of grievant's left foot taken on 5/17/12 revealed fracture of
the medical mallelus of the left ankle; grievant was given results of the x-ray on 5/21/12."  It is
unclear when Dr. Alam re-evaluated the x-ray, but in any event, plaintiff does not allege facts
suggesting Dr. Alam knew plaintiff's foot or leg was broken on May 17, 2012.

**DISCUSSION**

I.    Legal Standards

     A.    Rule 12(b)(6)

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court evaluates the

sufficiency of the complaint under the "two-pronged approach" outlined by the Supreme Court

in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). First, plaintiff's legal conclusions and

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a

motion to dismiss. Id. at 678. Second, "[w]hen there are well-pleaded factual allegations, a

court should assume their veracity and then determine whether they plausibly give rise to an

entitlement to relief." Id. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard

of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544,

564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a

'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

unlawfully." Id.

The Court must liberally construe submissions of pro se litigants, and interpret them "to

raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d

471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citation omitted). Applying

the pleading rules permissively is particularly appropriate when, as here, a pro se plaintiff alleges

civil rights violations. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir.

2008).  "Even in a <u>pro se</u> case, however . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  <u>Chavis v. Chappius</u>, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted).  Nor may the Court "invent factual allegations" plaintiff has not pleaded.  <u>Id</u>.

    B.    <u>Constitutionally Inadequate Medical Care</u>

    Section 1983 claims for constitutionally inadequate medical care are based on the alleged violation of an inmate's Eighth Amendment rights.  To assert a viable claim, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976).  This test has both an objective and a subjective component: plaintiff must plead facts showing (i) the alleged deprivation of medical care is "sufficiently serious," and (ii) the officials in question acted with a "sufficiently culpable state of mind."  <u>Salahuddin v. Goord</u>, 467 F.3d 263, 279-80 (2d Cir. 2006).

    For the purposes of the objective component, a condition is sufficiently serious if it may cause "death, degeneration, or extreme pain," <u>Johnson v. Wright</u>, 412 F.3d 398, 403 (2d Cir. 2005) (internal quotation marks omitted), or if "the failure to treat [the] condition could result in further significant injury or the unnecessary and wanton infliction of pain."  <u>Harrison v. Barkley</u>, 219 F.3d 132, 136 (2d Cir. 2000) (internal quotation marks omitted).  "Factors relevant to the seriousness of a medical condition include whether a reasonable doctor or patient would find [it] important and worthy of comment, whether the condition significantly affects an individual's daily activities, and whether it causes chronic and substantial pain."  <u>Salahuddin v. Goord</u>, 467 F.3d at 280 (internal quotation marks omitted).

    When a prisoner alleges "a temporary delay or interruption in the provision of otherwise adequate medical treatment, it is appropriate to focus on the challenged <u>delay</u> or <u>interruption</u> in

treatment rather than the prisoner's <u>underlying</u> <u>medical</u> <u>condition</u> alone in analyzing whether the alleged deprivation is, in objective terms, sufficiently serious, to support an Eighth Amendment claim." <u>Smith v. Carpenter</u>, 316 F.3d 178, 186 (2d Cir. 2003) (internal quotation marks omitted). Moreover, a plaintiff may show delayed medical care warrants constitutional protection by alleging the delay worsened his condition or increased the risk of future injury. <u>See</u> <u>Graham v. Wright</u>, 2004 WL 1794503, at *4 (S.D.N.Y. Aug. 10, 2004),[5] <u>aff'd</u> 136 F. App'x 418 (2d Cir. 2005) ("A defendant's delay in treating an ordinarily insignificant medical condition can become a constitutional violation if the condition worsens and creates a 'substantial risk of injury.'") (quoting <u>Smith v. Carpenter</u>, 316 F.3d at 186).

To satisfy the subjective component, a plaintiff must allege the defendant had a mental state akin to recklessness, which "requires that the charged official act[ed] or fail[ed] to act while actually aware of a substantial risk that serious inmate harm will result." <u>Salahuddin v. Goord</u>, 467 F.3d at 280 (citing <u>Farmer v. Brennan</u>, 511 U.S. 825, 836-37 (1994)). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." <u>Estelle v. Gamble</u>, 429 U.S. at 106. Rather, plaintiff must allege "something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." <u>Farmer v. Brennan</u>, 511 U.S. at 835. For example, "a deliberate indifference claim can lie where prison officials deliberately ignore the medical recommendations of a prisoner's treating physicians." <u>Johnson v. Wright</u>, 412 F.3d at 404 (internal quotation marks omitted).

---

[5]     Plaintiff will be provided with copies of all unpublished opinions cited in this decision. <u>See</u> <u>Lebron v. Sanders</u>, 557 F.3d 76, 79 (2d Cir. 2009).

II.     Plaintiff's Claims

      A.     Constitutionally Inadequate Medical Care

Plaintiff's claims satisfy the objective prong of the test for deliberate indifference.

Because plaintiff does not allege he was denied treatment altogether, but merely that

defendants should have sent him to the hospital for surgery on May 16 or 17, 2012, instead of

May 21, the Court must determine whether the delay itself constitutes a sufficiently serious

deprivation of medical care.  See Smith v. Carpenter, 316 F.3d at 186.  For this reason, only

those injuries plaintiff specifically attributes to the delay will be considered.

Plaintiff alleges the delay in his hospitalization and surgery caused his foot and leg to

become permanently swollen, and that he suffered "unnecessary pain" when he had to walk on

broken bones for five days.  (Sur-reply Br. at 1).  At this early stage in the proceedings, the Court

must accept this pleading as true.  Therefore, liberally construed, plaintiff has alleged the delay

itself caused him both "degeneration" and "extreme pain," Johnson v. Wright, 412 F.3d at 403,

and "significantly affect[ed his] daily activities."  Salahuddin v. Goord, 467 F.3d at 280 (internal

quotation marks omitted).

Plaintiff's claims satisfy the subjective prong for defendant Monroe, but not for

defendant Alam.

If plaintiff's only allegations against these defendants were that each one independently

examined his foot and leg—Monroe manually and Alam using the x-ray—and each came to the

same incorrect medical conclusion that his bones were not broken, plaintiff would not state a

claim for deliberate indifference.  At most, such allegations would state a claim for medical

malpractice, because they would lack any factual basis to find that either medical professional

"fail[ed] to act while actually aware of a substantial risk that serious inmate harm will result."

Salahuddin v. Goord, 467 F.3d at 280 (citing Farmer v. Brennan, 511 U.S. at 836-37).

Indeed, this is the case for the allegations against Dr. Alam.  The complaint pleads no facts suggesting Dr. Alam knew or had been told plaintiff's foot or leg were broken on May 17, 2012, when he declined to send plaintiff to the hospital.  The strongest inference the complaint raises is that Dr. Alam negligently misread the x-ray, told plaintiff his foot and leg were not broken, and re-evaluated the x-ray later before deciding plaintiff should in fact be hospitalized and receive surgery.  That is not deliberate indifference to plaintiff's medical needs.

But the same cannot be said for Nurse Monroe.  Plaintiff alleges Monroe knew about and ignored Nurse Wrights' diagnosis of a broken foot and leg and recommendation that plaintiff be sent to the hospital.  Liberally construed, plaintiff's allegations give rise to the inference that Monroe "deliberately ignore[d]" diagnoses and recommendations of medical personnel qualified to make them, see Johnson v. Wright, 412 F.3d at 404, and therefore was deliberately indifferent to the risk plaintiff had broken bones requiring hospitalization and surgery.

Nurse Monroe's examination of plaintiff's foot and leg do not change this result.  To find, as a matter of law, that Monroe was not "actually aware of a substantial risk" that plaintiff would be seriously harmed by her inaction, see Salahuddin v. Goord, 467 F.3d at 280, the Court would have to infer Monroe sincerely believed plaintiff's foot and leg were not broken.  That is, the Court would need to find Monroe learned of Nurse Wrights' diagnosis and recommendation, examined plaintiff herself, and came to believe Wrights was incorrect.  Although the allegations could support this reasonable inference, they also support a different reasonable inference: that Monroe was aware of her fellow nurse's diagnosis, ignored it, briefly touched plaintiff's foot and leg, and, without actually forming any opinion about his injuries, declared he had no broken

8

bones.  In this scenario, Monroe would have been "actually aware" of the "substantial risk" associated with not sending plaintiff to the hospital for surgery, despite a somewhat cursory inspection of his foot and leg.  See id.  This is sufficient to satisfy the subjective prong. Discovery is needed to ascertain which of the two competing inferences is correct.

Therefore, the Court dismisses the Section 1983 claim against Dr. Alam only.  The claim against Nurse Monroe will proceed.

B.      Medical Malpractice

In addition to "[d]eliberate indifference," the complaint alleges both defendants' actions constituted "[m]alpractice."  (Compl. at 7).  Therefore, the Court construes plaintiff as bringing medical malpractice claims under New York state law against both defendants.

Plaintiff's claims are untimely because they were not brought "within two years and six months of the act, omission or failure complained of."  N.Y. C.P.L.R. § 214-a.

The Court may dismiss an action for failure to state a claim based on statute of limitations only if, on the face of the complaint, the claim is clearly untimely.  Harris v. City of New York, 186 F.3d 243, 250 (2d Cir. 1999).  That is, a plaintiff must "plead[ him]self out of court."  In re marchFIRST Inc., 589 F.3d 901, 904-05 (7th Cir. 2009); see also Harris v. City of New York, 186 F.3d at 250.

Here, plaintiff alleges defendants' acts, omissions, and failures occurred on May 16 and 17, 2012.  Plaintiff signed his complaint attesting to its truthfulness on May 11, 2015 (Compl. ¶ 9), well beyond the limitations period.  Therefore, on the face of the complaint, his medical malpractice claims are time-barred.

III.   <u>Leave to Amend</u>

Although a district court ordinarily should not dismiss <u>pro se</u> claims for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," <u>Cuoco v. Moritsugu</u>, 222 F.3d 99, 112 (2d Cir. 2000), here, liberally construed, the complaint contains no allegations suggesting plaintiff has a valid claim against Dr. Alam that he has merely "inadequately or inartfully pleaded" and therefore should "be given a chance to reframe."  <u>Id</u>.  On the contrary, repleading would be futile, because the problem with this claim is substantive, such that improved pleading will not cure its deficiencies.  Specifically, because there is no indication Dr. Alam knew plaintiff's foot and leg were broken, plaintiff will be unable to satisfy the subjective prong of the deliberate indifference test.  Accordingly, the Court will not grant leave to amend because there is no "possibility that such an amendment will result in a claim being successfully pleaded." <u>Gomez v. USAA Fed. Sav. Bank</u>, 171 F.3d 794, 796 (2d Cir. 1999).

**CONCLUSION**

Defendant's motion to dismiss is GRANTED as to the Section 1983 claim against Dr. Alam and DENIED as to Nurse Monroe.

The Court DISMISSES plaintiff's medical malpractice claims as time-barred.

The Clerk is directed to terminate defendant Alam from this action and terminate the motion.  (Doc. #13).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Dated:  May 6, 2016
       White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge

11